FILED
SUPERIOR COURT
OF GUAM

2018 APR 16 PM 4: 07

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

FRANCISCO QUICHOCHO and CARMEN QUICHOCHO,

          Plaintiffs,

          vs.

TED UNTALAN and RADHI P. HEMLANI,

          Defendants.

Civil Case No. CV0275-90

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 22, 2018 upon a hearing concerning a Motion in Opposition to Plaintiff's Petition to Re-open Civil Proceedings and for Judgment ("Motion in Opposition to Plaintiff's Petition") filed on June 23, 2017 by Diego Mendiola ("Mr. Mendiola"), in his capacity as Special Administrator of the Estate of Radhi Hemlani. Attorney Jon R.C. Ramos represents Mr. Mendiola and Attorney John C. Terlaje represents Benigno F. Quichocho ("Mr. Quichocho"), who is the Administrator for the Estates of Francisco Quichocho and Carmen F. Quichocho. Ted Untalan ("Mr. Untalan"), who is a co-defendant, has not made an appearance in this matter. Having duly considered the parties' arguments, the record, and the applicable law, the Court now issues the following Decision and Order and GRANTS the Motion in Opposition to Plaintiff's Petition.

**ORIGINAL**

## BACKGROUND

On March 23, 1990, Francisco and Carmen F. Quichocho ("Plaintiffs")[1] filed a Complaint to Quiet Title and for Declaratory Relief ("Complaint") against Mr. Untalan and Radhi P. Hemlani ("Defendants")[2]. The Complaint concerns a dispute over title to real property, which is identified as follows: Lot Number 15, Block Number 2, Tract 109, Municipality of Barrigada, Territory of Guam, Estate 12035, Suburban, as marked and designated on map drawing number D4-64T 205, recorded on September 1, 1969 in the Department of Land Management under document number 57025.

Following the failure to plead, answer, or defend the case, default was entered on May 11, 1990 against Defendants. (Entry of Default, May 11, 1990.) After the entry of default, Plaintiffs did not attempt to obtain a default judgment and the case remained completely dormant for almost eight (8) years.

On March 13, 1998, the Court filed a notice informing the parties of a Status Hearing scheduled for November 17, 1998 in the above-captioned matter. (Notice of Hearing, Mar. 13, 1998). During the hearing, the Court ordered the case closed. (See Minute Entry, Nov. 17, 1998.) The Minute Entry to the Status Hearing does not indicate that either party appeared before the Court. (Id.) Thereafter, the Court issued an Order of Dismissal closing and dismissing the case. (Order for Dismissal, Feb. 2, 1999.)

No activity occurred for more than sixteen (16) years until the Administrator for the Plaintiffs' estates, Mr. Quichocho, filed a Petition to Re-open Civil Proceedings and for

---

[1] Based on representations made in the Petition to Re-open Civil Proceedings and for Judgment, Plaintiffs are both deceased. (See Pet. to Re-Open Civil Proceedings and for Judgment at Ex. 4, Oct. 20, 2016.)
[2] The Court is aware that Radhi Hemlani is deceased. (Def.s Mot. at Ex. A, June 23, 2017.) The status of Mr. Untalan is unknown, however, Mr. Mendiola alleges in his Motion that he is also deceased. (Def.'s Mot. at 5.)

Judgment on October 20, 2016 ("Petition"). Mr. Mendiola, as Special Administrator of the Estate of Radhi Hemlani, opposed the reopening of the above-captioned matter and filed the current motion on June 23, 2017. Mr. Quichocho filed an opposition to the motion on December 1, 2017, which Mr. Mendiola replied to on January 12, 2018. The Court heard oral arguments and took the matter under advisement on January 20, 2018.

## DISCUSSION

In deciding whether to reopen the underlying civil proceedings, the Court should consider the same factors used to dismiss a case for failure to prosecute. See Townsend v. Keller Williams Realty, Inc., Civil No. 05CV1697-L(JMA), 2008 WL 2224527 *1 (S.D. Cal. May 29, 2008); Chance v. PAC, 233 Fed. Appx. 27, 29-30 (2nd Cir. 2007). As laid out in Santos v. Carney, 1997 Guam 4 ¶ 5, these factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. See also Guam Dep't of Educ. v. Guam Civil Serv. Comm'n, 2017 Guam 8 ¶ 10. Accordingly, the Court adopts these factors herein and considers them under the facts and circumstances of this case.[3]

### A. The Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

The Supreme Court noted that the first two factors may be considered together. Park v. Kawashima, 2010 Guam 10 ¶ 13. It is through these factors that courts will typically consider the reasons for and length of delay. See Guam Econ. Dev. Auth. v. Affordable Home Builders, Inc., 2013 Guam 12 ¶ 18 ("In evaluating this first factor, we are tasked with calculating the

---

[3] Mr. Mendiola does not dispute that these are the factors the Court is to consider in determining whether to reopen the underlying proceedings.

cumulative length of delay attributable to the plaintiff and examining whether the plaintiff failed to pursue the case diligently and did so for reasons that do not amount to good cause").

Here, the delay was lengthy and Mr. Quichocho concedes that a significant amount of time has passed given that the matter was completely devoid of any activity by Plaintiffs for more than twenty-six (26) years.[4] (Opp. to Defs.' Mot. at 2, Dec. 1, 2017.) For events during this timeframe, Mr. Quichocho offers no valid reason why a default judgment in Plaintiffs' favor was never requested or entered in the eight (8) years between the entry of default in May 1990 and a status hearing in November 1998. During this period, the Court awaited action by either party before appropriately filing its Order of Dismissal in February 1999. Mr. Quichocho has also brought forth no sufficient reason why the case was not reopened soon after the dismissal in 1999 or even immediately after probate proceedings began for Plaintiffs' estates.

Mr. Quichocho's argument that he "never knew that this case had not been resolved in his favor let alone dismissed" is unavailing and lacks any specifics concerning the prior representation of Plaintiffs. (Opp. to Defs.' Mot. at 2.) Although much of the delay may not be specifically attributed towards Mr. Quichocho (or his current counsel), he stands in the place of Plaintiffs who had the onus of pushing the case through to judgment and thereafter taking any corrective or curative actions necessary in a timely and reasonable matter after the case had been dismissed. Unfortunately, Mr. Quichocho has to suffer from the effects of Plaintiffs' dilatoriness, unreasonable delay, and inability to pursue the case in a diligent manner. The Court's docket, meanwhile, was and is filled with cases that are actively prosecuted, and its need to manage that docket is paramount considering the caseload and the time standards for

---

[4] This is calculated as the period of time between the entry of default in May 11, 1990 and the time Mr. Quichocho filed his Petition on October 20, 2016.

adjudicating cases. Accordingly, both of these factors weigh strongly against reopening this civil proceeding.

**B. The Risk of Prejudice to Defendants**

Mr. Mendiola argues that "Defendants will categorically and unequivocally be prejudiced if this case is re-opened." (Def.'s Mot. at 5.) A party need not show actual prejudice, however, where the court has determined that the delay is unreasonable. Park, 2010 Guam 10 ¶ 21. In such cases, as is the case here, prejudice is presumed because the delay was unreasonable. Id. Even absent this presumption, Mr. Mendiola would suffer significant prejudice in litigating this case as many of the original parties to this action are now deceased and documents and other potential evidence concerning the allegations in the Complaint may be missing or unavailable given the amount of time that has passed since the case was filed. Accordingly, this factor weighs strongly against reopening this civil proceeding.

**C. Public Policy Favoring the Disposition of Cases on the Merits**

Although this factor should ordinarily weigh against dismissal, the question for courts is instead "whether the policy of determining cases on their merits justifies the delay and prejudice caused by [Plaintiffs'] actions." Park, 2010 Guam 10 ¶ 22. Here, it does not. Again, the Court's determination of the first three factors makes clear that Plaintiffs have ignored their responsibilities in prosecuting the action and that Defendants will suffer prejudice as a result thereof. Mr. Quichocho has also not sufficiently demonstrated how the public policy favoring disposition on the merits "outweighs the expeditious resolution of litigation and the court's need to manage its docket." Id. at 23. Rather, the policy would not be served because Mr. Quichocho seeks to reopen the case for the expressed purpose of entering a default judgment. Therefore, this factor weighs against reopening this civil proceeding.

### D. The Availability of Less Drastic Sanctions

In assessing this factor considering the posture and circumstances of this case, the Court must look to the presence of other alternatives to reopening the matter. Here, the case was not explicitly dismissed with prejudice. Mr. Quichocho therefore has the option to file a separate complaint against the necessary parties to attempt to quiet title to the subject property. In filing a new complaint, Mr. Quichocho may cite to the case herein or to other evidence that may be relevant or available. The Court believes this option is a more viable alternative than reopening the current proceedings given the significant passage of time and the different parties and interests that may now be involved. Accordingly, this factor weighs against reopening this civil proceeding.

As all the factors weigh against reopening this civil proceeding, the Court believes it is appropriate to grant Mr. Mendiola's motion.

### CONCLUSION

For the reasons stated herein, the Court GRANTS Mr. Mendiola's Motion in Opposition to Plaintiff's Petition to Re-open Civil Proceedings and for Judgment. In so doing, the Court also DENIES the Petition to Re-Open Civil Proceedings and for Judgment.

**IT IS SO ORDERED** on this 16th day of April, 2018



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT P...